**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MASMINAH MARIPIN, | No. 13-70655 |
| Petitioner, | |
| | Agency No. A097-102-276 |
| v. | |
| | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Masminah Maripin, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for withholding of removal

and protection under the Convention Against Torture ("CAT").   We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility findings. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Maripin's testimony regarding alleged harm from her husband, when she last had contact with her husband, and whether she felt threatened by anyone other than her husband. *See id*. at 973 (testimony about the events leading to petitioner's departure goes to the heart of the claim); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003) (inconsistency was a specific and cogent reason supporting the adverse credibility determination). Maripin's explanation, that she did not recall these incidents until her second hearing, do not compel the opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Absent credible testimony, Maripin's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Maripin's CAT claim because she failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to

Indonesia.   *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.